186 So.2d 389 (1966)
CHEMICAL CLEANING, INC.
v.
BRINDELL-BRUNO, INC.
No. 2184.
Court of Appeal of Louisiana, Fourth Circuit.
May 2, 1966.
*390 A. J. Marciante, New Orleans, for defendant-appellant.
Deutsch, Kerrigan & Stiles, Frank J. Peragine, New Orleans, for third-party defendant-appellee.
Before McBRIDE, REGAN and HALL, JJ.
HALL, Judge.
Brindell-Bruno, Inc. prosecutes this appeal from a judgment maintaining an exception of no cause nor right of action and dismissing its third-party petition against The Boeing Company.
The suit giving rise to this appeal was brought by Chemical Cleaning, Inc. ("Chemical") against Brindell-Bruno, Inc. ("Brindell-Bruno") for a balance allegedly due under a contract with Brindell-Bruno covering specified pipe cleaning work at the NASA Michoud Plant in New Orlenas. Brindell-Bruno filed an answer denying any indebtedness to Chemical and coupled with it a third-party petition against Gurtler-Hebert & Co., Inc. ("Gurtler-Hebert") and The Boeing Company ("Boeing") seeking a judgment over against them or either of them for the amount of any judgment which might be rendered against it in favor of Chemical. Gurtler-Hebert filed an answer to the third-party petition. Boeing on its part filed an exception of no cause nor right of action which was maintained and Brindell-Bruno's third-party action against Boeing was dismissed. Brindell-Bruno appealed from this judgment of dismissal.
The facts alleged in the pleadings are as follows:
Boeing which is engaged in the construction of missiles for the United States Government at the NASA Michoud Plant in New Orleans entered into a contract with Gurtler-Hebert whereby the latter undertook to construct for Boeing certain facilities for the cleaning of parts used in the missiles. Gurtler-Hebert subcontracted to Brindell-Bruno certain of the mechanical work called for by the contract. Since this sub-contract included the chemical cleaning of the piping systems to be constructed in the project and since Brindell-Bruno was not qualified to do such work, it in turn sub-contracted the pipe cleaning work to Chemical at a specified sum for thirty-four days work with a specified adjustment if the work was completed in less or more than thirty-four days.
Chemical commenced the cleaning of the piping systems and after working twenty-eight days was advised by Boeing and Gurtler-Hebert that its work was improper or inadequate and was not obtaining the desired results. A controversy then arose as to the cleaning specifications and the testing procedures used. After a meeting between representatives of Chemical, Brindell-Bruno, Gurtler-Hebert and Boeing, some modifications were made in the specifications. The changes in the specifications are set forth in a letter dated September 14, 1964 addressed to Boeing by Gurtler-Hebert and a letter dated September 25, 1964 from Boeing to Gurtler-Hebert, copies of which letters are attached to the third-party petition. Chemical agreed with Brindell-Bruno that it would complete the work under the revised specifications within ten days; but it took some 51½ days for it to complete the cleaning job at an alleged additional cost of $21,892.00. Chemical's suit against Brindell-Bruno is for this additional amount, the original contract price having been paid.
The sole allegation in Brindell-Bruno's third-party petition of any responsibility on the part of Boeing to it is contained in Article 9 of the third-party petition which we quote in full as follows:
"That the additional time required of Chemical Cleaning, Inc., to perform said work was not within the purview of its original quotation or third party petitioner's purchase order nor the above described subsequent agreement and was due to no fault or design of third party *391 petitioner but was brought about solely as a result of the fault of Chemical Cleaning, Inc., in not employing the proper cleaning methods and/or in failing to properly indicate or agree upon the necessary specifications for reaching the desired degree of cleanliness with the Boeing Company and Gurtler-Hebert or in that the said Boeing Company and Gurtler-Hebert did not employ the proper tests."
As seen from the above statement of the facts as alleged in the pleadings we have here a suit ex contractu by a secondtier sub-contractor (Chemical) against a first-tier sub-contractor (Brindell-Bruno) who responded to the suit by impleading, as third-party defendants, not only the prime contractor (Gurtler-Hebert) but the owner (Boeing).
The only matter involved in the present appeal is sub-contractor Brindell-Bruno's demand against the owner, Boeing.
Boeing's exception of no cause nor right of action is based on its contention that "* * * there is and was no contractual relationship whatever existing between said third-party plaintiff and third-party defendant, and no basis for any liability on the part of said third-party defendant * * *"
In support of its exception Boeing relies on Brindell-Bruno, Inc. v. Farnsworth and Chambers Company, Incorporated, La.App., 154 So.2d 511, and Pittman Construction Company v. Housing Authority of New Orleans, La.App., 169 So.2d 122 (writs refused Feb. 5, 1965) to the effect that a sub-contractor can have no claim against the owner in the absence of a contractual relationship between the owner and the sub-contractor.
Appellant, Brindell-Bruno, concedes in its brief that, absent a contractual relationship between the owner and the subcontractor, the sub-contractor can have no claim against the contractor. And it is clear that there is no such contractual relationship alleged in Brindell-Bruno's pleadings.
However Brindell-Bruno contends that "* * * there can be a contractual relationship between Brindell-Bruno and Boeing brought about by the subsequent agreement of all of the parties entered into at the time of signing of the letter of September 14, 1964 by all such parties. The determination of whether or not there is such a contract is dependent upon a trial of the issues herein."
The only documents that are claimed by Brindell-Bruno as a basis for such contractual relationship are the letters of September 14, 1964 and September 25, 1964, copies of which are attached to its third-party petition.
The first letter is from Gurtler-Hebert, the prime contractor, to the owner, Boeing. It states clearly in the first paragraph that: "The purpose of this letter is to summarize for your acceptance, the compromise settlement arrived at by and between the Boeing Company and Gurtler-Hebert & Co. Inc., in respect of the said controversies, contentions and disputes." (emphasis supplied). The second paragraph of this letter commences as follows: "This letter will confirm by and between the Boeing Company and the undersigned that * * * it was agreed * * * (emphasis supplied).
The letter of September 25, 1964 is from Boeing, the owner, to Gurtler-Hebert, the prime contractor, in reply to the first letter. It merely modifies some of the points set forth by Gurtler-Hebert in the first letter, which modifications were accepted by Gurtler-Hebert.
It is clear that these letters constitute an agreement between the owner and its prime contractor, and no one else. While it is true Brindell-Bruno endorsed its approval at the bottom of the letter of September 25, 1964, neither such endorsement nor anything else in the letters gave rise to any contractual relationship between *392 it and Boeing nor to any obligation or duty flowing from Boeing to Brindell-Bruno. Boeing still looked solely to Gurtler-Hebert, its prime contractor, and Gurtler-Hebert looked solely to Brindell-Bruno, its sub-contractor, for performance of the sub-contract.
Appellant further contends that if Brindell-Bruno has no right of action against Boeing ex contractu it has a right and a cause of action ex delicto for negligence.
The sole allegation of any responsibility on the part of Boeing is the statement contained in Article 9 of the third-party petition that the additional time required to perform the work involved was brought about by the fault of Chemical itself or "* * * in that the said Boeing Company and Gurtler-Hebert did not employ the proper tests." Whether the tests employed by Boeing were improper due to improper specifications in the prime contract or whether they were improper for non-compliance with proper specifications is a matter arising out of contract. It is conceivable that Boeing might owe a duty to Gurtler-Hebert in respect to such tests but Boeing owed no duty with respect thereto to Brindell-Bruno with whom it had no contractual relations and to whom it owed no obligation or duty. Brindell-Bruno bases its action for negligence upon the theory that there was a duty owing to it growing out of a contract to which it was not a party. This it cannot do.
"It frequently has been declared to be a rule that no cause of action in tort can arise from the breach of a duty existing by virtue of a contract, unless there is between the defendant and the person injured what is termed `privity of contract.' A plaintiff in an action for negligence, who bases his suit upon the theory of a duty owed to him by the defendant as a result of a contract must be a party or privy to the contract; otherwise, he fails to establish a duty toward himself on the part of the defendant, and fails to show any wrong done to himself. * * *" 38 Am.Jur. verbo "Negligence" § 21, p. 662.
For the foregoing reasons the judgment appealed from is affirmed; appellant to bear the costs of this appeal.
Affirmed.