FARRELL CONSTRUCTION COMPANY, Plaintiff–Appellant,

v.

JEFFERSON PARISH, LOUISIANA and Burk & Associates, Inc., Defendants–Appellees.

Nos. 88–3764, 89–3292.

United States Court of Appeals, Fifth Circuit.

March 15, 1990.

**138**

Phil B. Abernethy, E. Marcus Wiggs, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for plaintiff-appellant.

J. Michael Johnson, Deborah B. Ginsburg, Galloway, Johnson, Tompkins & Burr, New Orleans, La., for Burk & Assoc., Inc.

Keith G. Contreary, Daniel A. Ranson, Windhorst, Gaundry, Talley & Ranson, Gretna, La., for Jefferson Parish.

Before CLARK, Chief Judge, RUBIN and WILLIAMS, Circuit Judges.

CLARK, Chief Judge:

Farrell Construction Company in this consolidated appeal challenges the dismissal of its action against Jefferson Parish, Louisiana, and Burk and Associates, Inc. (No. 88–3764) and the district court's denial of its "Motion to Review and Amend Judgment or, in the Alternative, to Clarify its Judgment" (No. 89–3292). Farrell, hired by the Parish as general contractor for the construction of two drainage and pump stations, asserted claims on behalf of itself and its mechanical subcontractor, Emile Babst and Company, against the Parish and Burk, the projects' design and inspection engineer. Babst was not joined as a party to the suit. On the eve of trial and after two years of pretrial litigation, the district court learned that Babst was a Louisiana corporation, nondiverse from the Parish or Burk. The court held Babst to be an indispensable party and dismissed the entire action for want of subject matter jurisdiction. We conclude that Babst is neither a real party in interest nor a party necessary for a just adjudication of the action. The record does not support the district court's alternate conclusion that Babst and Farrell colluded to create jurisdiction. Accordingly, we reverse and remand.

I

In 1983 Farrell, a Tennessee corporation with its principal place of business in Texas, successfully bid on two pumping station projects in response to solicitations by the Parish. The Parish contracted separately with Burk, a Louisiana corporation, to act as engineer for the projects. Babst, another Louisiana corporation, became Farrell's subcontractor for the projects' mechanical work.

The projects were completed after significant delay which Farrell and Babst alleged was caused by the Parish and Burk and resulted in significant damages. Babst made a written demand on Farrell for its damages but did not file suit. Instead, Farrell and Babst entered into a "prelitigation agreement." The contract's preamble stated that the "complexity and interrelationship of the claims to be asserted by Farrell and Babst are such that the parties hereto believe and, therefore, agree that it will be mutually beneficial for Farrell to make one consolidated action against Jefferson Parish, Louisiana.... Farrell and Babst agree that it is in their best interests to fully cooperate with each other in the prosecution of claims against Jefferson Parish, Louisiana which would include damages sustained by Farrell as well as damages sustained by Babst."

In consideration of those reasons, the parties agreed to the following in pertinent part:

(1) Phil B. Abernethy of Jackson, Mississippi would represent Farrell in the prosecution of its and Babst's claims against the Parish and Burk; Babst would be represented by Laurence D. Rudman of New Orleans, Louisiana; however, Rudman would enter appearances in any litigation as an attorney for Farrell unless any con-

flict of interest arose in which case Rudman would represent only Babst;

(2) if a general award was made to Farrell that did not designate a portion for Babst, the award would be divided between the two according to the percentage amount each party's claim bore to the total amount claimed; e.g., if Babst's claim represented 35% of the total claim presented by Farrell, Babst would receive 35% of any award to Farrell;

(3) each party would pay its respective attorney fees and would share court and expert expenses based upon the percentage of each party's claim to the total claim;

(4) Babst agreed to accept its percentage of the claim in full satisfaction of any claims it had against Farrell arising from the projects, and each party released the other from any liability arising from Babst's performance of the construction subcontract excluding that resulting from latent defects; however, Babst reserved the right to approve any settlement agreement; and

(5) any recovery against either party by the Parish would reduce that party's percentage share by the amount of the recovery.

In September 1986, two months after the prelitigation agreement was executed, Farrell filed suit against the Parish and Burk. Farrell alleged, among other things, that the defendants had submitted defective plans and specifications which Farrell relied upon in performing its obligations under the construction contracts. The defective submissions allegedly caused Farrell to change significantly the construction sequence of both projects, resulting in large delay damages. Farrell additionally claimed that Babst was compelled to perform unplanned extra work at considerable expense as a result of the allegedly defective plans and specifications. Farrell's complaint claimed these damages "for the account of Babst."

Burk moved for summary judgment against Farrell and against Farrell on behalf of Babst. The court granted the motion against Farrell on behalf of Babst, but denied it in large part with regard to Far-

rell's own claims. *Farrell Constr. Co. v. Jefferson Parish*, 693 F.Supp. 490 (E.D.La. 1988). Farrell does not appeal this decision.

While deliberating on Burk's motion for summary judgment, the court discovered Babst's Louisiana citizenship and ordered the parties to brief the issue whether Babst's citizenship and presence as a party would destroy complete diversity. The court found that the "secret" prelitigation agreement constituted a joint venture between Farrell and Babst, thereby rendering Babst an indispensable party to the action. As such, the court ruled, Babst's presence destroyed diversity. The court dismissed the action for lack of jurisdiction. In the alternative, the court held that the action should be dismissed as a sanction because Farrell and Babst had colluded to " 'pull the wool over the eyes of the court' to fraudulently invoke diversity jurisdiction."

## II

Farrell contends in this court that Louisiana law permits a prime contractor, such as Farrell, to assert as part of its own claim the damages of a subcontractor not in privity with the owner and then "pass through" to the subcontractor its portion of the damages. Farrell argues that a subcontractor does not become a real party in interest or an indispensable party when a primary contractor asserts such pass-through damages. As a result, Farrell maintains that Babst need not and should not have been joined in this action. Farrell further argues that the prelitigation agreement does not elevate Babst to the status of an indispensable party or a real party in interest. According to Farrell, the district court erred by holding to the contrary and dismissing the action. Farrell also disputes the district court's conclusion that it colluded with Babst to create diversity jurisdiction.

## III

All plaintiffs must be diverse in citizenship from all defendants in an action brought under the jurisdiction conferred by

28 U.S.C. § 1332(a). Babst is a Louisiana corporation, nondiverse from both the Parish and Burk. Babst's joinder as a plaintiff in this action would deprive the district court of jurisdiction. The issue therefore becomes whether Babst must be joined. Our analysis is guided principally by two Federal Rules of Civil Procedure. Rule 17(a) requires that all actions in federal courts be brought by the real party in interest. Even if a party is not the real party in interest, Rule 19 requires that party's joinder if it is "necessary for a just adjudication" of the action.

### A

■ The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery. *United States v. 936.71 Acres of Land,* 418 F.2d 551, 556 (5th Cir. 1969); *see also Lubbock Feed Lots, Inc. v. Iowa Beef Processors,* 630 F.2d 250, 256–57 (5th Cir.1980). Conversely, a party not possessing a right under substantive law is not the real party in interest with respect to that right and may not assert it. *936.71 Acres of Land,* 418 F.2d at 556. A federal court sitting in diversity must look to state law to determine which party holds the substantive right. *Id.; see also New Orleans Public Service, Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 466 (5th Cir.), *cert. denied,* 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984).

■ Under Louisiana law, "[t]he established rule is that, in the absence of a contrary statutory provision, an action ex contractu cannot be maintained against a party to a contract by a person who is not privy thereto." *State ex rel. Guste v. Simoni, Heck and Associates,* 297 So.2d 918, 924 (La.Ct.App.1974) (citing *Lumber Products, Inc. v. Hiriart,* 255 So.2d 783 (La.Ct.App.1971). The Louisiana courts invoke this rule in cases involving construction contracts. *See, e.g., Chemical Cleaning, Inc. v. Brindell–Bruno, Inc.,* 186 So.2d 389, 391 (La.Ct.App.1966). Babst is not in privity with the Parish. Therefore, unless a Louisiana statute provides Babst with an enforceable right against the Parish, Babst is not a real party in interest.

■ The Parish contends that Louisiana Revised Statutes sections 9:4802 and 38:2242 provide Babst with rights theoretically enforceable against it, rendering Babst a real party in interest. We disagree. Louisiana Revised Statutes section 9:4802 provides:

A. The following persons have a claim against the owner and a claim against the contractor to secure payment of the following obligations arising out of the performance of work under the contract: (1) Subcontractors, for the price of their work.

.    .    .    .    .

The Parish, however, ignores subsection C., which provides:

The owner is relieved of the claims against him and the privileges securing them when the claims arise from the performance of a contract by a general contractor for whom a bond is given and maintained as required by R.S. 9:4812 and when notice of the contract with the bond attached is properly and timely filed as required by R.S. 9:4811.

La.Rev.Stat.Ann. § 9:4802 (West 1983). The contracts between the Parish and Farrell obligate Farrell to "purchase and furnish performance and payment Bonds, each in an amount at least equal to the Contract Price as security for the faithful performance and payment of all CONTRACTOR'S obligations under the Contract Documents." The Parish does not dispute that such bonds were furnished, maintained and properly noticed as required by Revised Statutes sections 9:4812 and 9:4811. Because Farrell submitted bonds as described in section 9:4802 C., section 9:4802 A.(1) provides Babst with no rights against the Parish.

■ Revised Statutes section 38:2242 permits a claimant, such as a subcontractor, whose claim arises from a contract relating to a public works project to file with the public owner and to record in the Parish recorder's office a sworn statement of the amount due the claimant. La.Rev.

Stat.Ann. § 38:2242 B. (West 1989). The claimant may file such a statement after the maturity of its claim against a contractor and within forty-five days after the public owner accepts completion of the project or issues a notice of default against the contractor. *Id.* The public owner actually becomes liable to the claimant if the owner "makes final payment to the contractor without deducting the total amount of all outstanding claims so served on it or without obtaining a bond from the contractor to cover the total amount of all outstanding claims...." *Id.* § 38:2242D. In applying this statute the Louisiana courts hold that absent a defect in the general contractor's bonds the governmental owner is not liable to a subcontractor. *See, e.g., Napko Corp. v. Marshall–Koehl, Inc.*, 329 So.2d 472, 474 (La.Ct.App.1976). The Parish asserts no defect in Farrell's bonds. Babst therefore has no claim against the Parish under section 38:2242.

In summary, Louisiana contract law does not provide Babst with enforceable substantive contractual rights against the Parish; nor does any statute provide Babst with special rights in this case. Babst is not a real party in interest to this action.

Farrell, on the other hand, is the real party in interest with respect to Babst's damages. In Louisiana, although a subcontractor may not sue an owner with whom it is not in privity, the prime contractor may assert against the owner as an element of its own damages the damages of the subcontractor attributable to the owner's defective plans and specifications. *See Keller Constr. Corp. v. George W. McCoy & Co.*, 119 So.2d 450, 463 (La.1960); *cf. United States v. Blair*, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039 (1944) (government contractor may assert against the government pass-through damages of subcontractor). Thus, Farrell possesses the substantive right to sue the Parish on Babst's behalf.

We also find support in the language of Federal Rule of Civil Procedure 17(a) for the proposition that Farrell is the real party in interest with respect to Babst's claims. The second sentence of Rule 17(a), which contains a list of persons typically considered to be real parties in interest, provides in pertinent part: "[A] party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought...." Although not authorized expressly by statute, Louisiana Supreme Court precedent makes it clear that Farrell's claim on behalf of Babst is authorized by the civil law. Because Rule 17(a)'s list is descriptive, not exclusive, Farrell's relationship with Babst is analogous to that stated in the Rule. *See* 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 1543 (1990) ("The list in Rule 17(a) is not meant to be exhaustive and anyone possessing the right to enforce a particular claim is the real party in interest even if that party is not expressly identified in the rule.")

■ The Parish contends that even if Babst is not the real party in interest by virtue of its relationship as subcontractor to Farrell, the prelitigation agreement transforms Babst into the real party in interest. We disagree. With regard to legal representation and fees, the agreement provides that Rudman would represent Farrell as local counsel in the district court but that he would represent only Babst in case a conflict of interest arose; that each party would pay its respective attorney fees; and that Babst reserved the right to approve any settlement agreements with the Parish. None of these terms alters Babst's or Farrell's substantive rights as against the Parish. The agreement further provides that any award to Farrell would be divided between Farrell and Babst according to the percentage amount each party's claim bore to the total amount. This term also does not affect the fact that Farrell, not Babst, holds the right sought to be enforced under the substantive law of Louisiana. Similarly, the mutual releases, and the provision that any recovery by the Parish against either Farrell or Babst would reduce that party's percentage share of any recovery by Farrell, do not strip from Farrell or confer upon Babst the right to assert against the Parish Babst's damages under Louisiana law.

142

The prelitigation agreement does not make Babst a real party in interest.

Finally, we note that the "negative" purpose of Rule 17(a) is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right. *See Celanese Corp. v. John Clark Industries,* 214 F.2d 551, 556 (5th Cir.1954); Fed.R. Civ.P. 17(a) advisory committee's note to 1966 amendment, reprinted in 39 F.R.D. 84, 85; 6A C. Wright, A. Miller & M. Kane § 1543. The negligence claim of Farrell on behalf of Babst against Burk has been dismissed, and that has not been appealed. Babst possesses no substantive rights against the Parish. Having no such rights, Babst cannot bring a subsequent action against the Parish in state court. Reference to the purposes of Rule 17(a) indicates that Babst is not a real party in interest.

## B

█ Even if not a real party in interest, Babst must be joined if it is a party necessary for a just adjudication of the action under Rule 19 of the Federal Rules of Civil Procedure. Rule 19(a) provides that a person shall be joined if:

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest....

Babst's absence from this action implicates none of the factors expressed in Rule 19(a). Farrell can obtain judgment against the Parish and Burk, and the defendants in turn may assert any defenses or counterclaims against Farrell. Babst holds no substantive right enforceable against the Parish. Moreover, as the district court noted

in granting summary judgment in favor of Burk against Farrell on its assertion of Babst's tort damages, Babst is free to sue Burk in state court on any tort claims. *Farrell Constr. Co.,* 693 F.Supp. at 498. Therefore, although Babst "claims an interest relating to the subject of the action," its absence will not affect its ability to protect that interest. Finally, Babst's absence would subject none of the present parties "by reason of the claimed interest" to a "substantial risk of incurring double, multiple or otherwise inconsistent obligations." Babst may not hereafter sue the Parish because Babst holds no substantive right against the Parish. Although Babst might be able to bring a tort action against Burk in state court, any resulting obligation incurred by Burk would not be duplicitous, multiplicitous or inconsistent because the tort claims Farrell asserted against Burk on behalf of Babst have been dismissed and that dismissal has not been appealed. No judgment can be rendered for Farrell on behalf of Babst against Burk in the district court on remand.

Relying on *Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co.,* 546 F.2d 1227 (5th Cir.1977), the district court held that the prelitigation agreement made Farrell and Babst joint venturers in the litigation against the Parish and Burk, and as a joint venturer Babst is an indispensable party. Harrell is inapposite to the present facts. In Harrell, a prime contractor, Peabody, subcontracted with joint venturers Harrell and Tackett to perform excavation work. *Harrell & Sumner Contracting Co., Inc. v. Peabody Petersen Co.,* 415 F.Supp. 573, 574 (N.D.Fla.1976). Harrell alone brought suit against Peabody for damages incurred as a result of extra work. We held that because Harrell and Tackett were joint venturers under the construction subcontract, Tackett was a co-joint obligee and as such was an indispensable party under principles of partnership law. *Harrell,* 546 F.2d at 1229.

In contrast to Harrell's and Tackett's relationship as joint venturers, the relationship of Farrell and Babst here is that of a general contractor and subcontractor. They had no joint venture agreement with

respect to the construction project. The limited post-construction agreement defining litigation rights and responsibilities concerning already matured damage claims is not analogous to the true joint venture that existed between Harrell and Tackett. The prelitigation agreement created no rights or obligations as between Farrell and Babst on the one hand and the Parish and Burk on the other. The Harrell/Tackett agreement created the legal entity that undertook the construction contract that gave rise to the claims asserted against Peabody. The district court erred in holding that Harrell controls the instant case. Babst is not a person needed for a just adjudication of the action.

## C

 Farrell also challenges the district court's alternative holding that the action should be dismissed as a sanction because Farrell and Babst colluded to invoke jurisdiction. The court stated that

> it is clear beyond any peradventure that through collusion [Farrell and Babst] undertook to present themselves to the court as a single entity. In reality, however, Babst has been a party in this lawsuit, from the first, having retained its own attorney who has appeared in court on behalf of Babst, and not as a true representative of Farrell. Babst and Farrell have therefore attempted to "pull the wool over the eyes" of the court in order to fraudulently invoke diversity jurisdiction. By falsely representing themselves to the court, they have committed abuses which would warrant dismissal of their claims as a sanction.

The terms of the prelitigation agreement concerning the respective duties of attorneys Rudman and Abernethy do not transform Babst into a party to this action. The district court's conclusion that Babst is a party is erroneous. The prelitigation agreement was never concealed from the defendants or the court. Indeed, it was a part of discovery material at an early stage of the litigation. Rudman's undertaking to appear as counsel for Farrell, who was presenting the claims of his client, Babst, as necessitated by Louisiana law, was neither false nor improper. No sanction was appropriate.

## IV

The district court's judgment dismissing the action and its order denying Farrell's "Motion to Review and Amend Judgment or, in the Alternative, to Clarify its Judgment" are reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED and REMANDED.