**CORPORATION OF the PRESIDENT OF the CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation, and Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints, a Utah corporation, Plaintiffs,**

v.

**ENVIRONMENTAL PROTECTION COMMISSION OF HILLSBOROUGH COUNTY, a political subdivision of the State of Florida, and Roger P. Stewart, individually and as Director of the Environmental Protection Commission of Hillsborough County, Defendants.**

No. 93–732–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 15, 1993.

Jeffrey A. Aman, Smith & Williams, P.A., Tampa, FL, for plaintiffs.

Sara Marcy Fotopulos, Environmental Protection Com'n, Hillsborough County, Tampa, FL, for defendants.

## ORDER ON MOTION TO DISMISS

KOVACHEVICH, District Judge.

This action is before this Court on Defendants', Environmental Protection Commission of Hillsborough County ("EPC") and Roger P. Stewart ("Stewart"), Renewed Motion to Dismiss and Memorandum in Support, filed July 12, 1993. Plaintiffs' Amended Complaint and Demand for Jury Trial, filed on June 28, 1993, and Memorandum in Opposition to Defendants' Motions to Dismiss, filed on August 13, 1993, allege that Defendants EPC and Stewart deprived Plaintiffs, Corporation of the President of the Church of Jesus Christ of Latter Day Saints ("President") and Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints ("Bishop") of their constitutional rights under color of state law in violation of 42 U.S.C. § 1983.

### ISSUES

I. Whether Plaintiff President, if it is agent of Plaintiff Presiding Bishop, has standing to bring this action?

II. Whether Defendant EPC is immune from suit under 42 U.S.C. § 1983?

III. Whether Plaintiffs' amended complaint sufficiently alleges the violation of any right, privilege, or immunity under the Constitution or laws of the United States in order to state a claim upon which relief can be granted under 42 U.S.C. § 1983?

IV. Whether Plaintiffs have stated a claim for relief under 42 U.S.C. § 1983 based upon the doctrine of respondeat superior?

### FACTS

Plaintiffs bring this action against Defendants EPC and Stewart pursuant to 42 U.S.C. § 1983. Plaintiffs seek redress for acts or omissions committed under color of state law depriving them of their due process and equal protection rights under the Constitution and laws of the United States and the State of Florida.

Plaintiff Presiding Bishop owns a parcel of property in Hillsborough County, Florida ("the Property"). Plaintiffs allege that Plaintiff President has acted and now acts as Plaintiff Bishop's agent with regard to the Property. In May 1988, Plaintiffs sought approval from Hillsborough County to construct a chapel of worship on the Property. As part of the site plan review process for construction of the chapel, EPC conducted an inspection of the Property to determine if a wetland existed thereon.

On May 27, 1988, a representative of EPC performed a wetlands delineation of the Property. By Determination Letter dated July 26, 1989, Stewart notified Plaintiffs that a wetland existed upon their property. Sometime after this notification, an final administrative hearing was held in which the hearing officer recommended that EPC's wetlands delineation denied Plaintiff's of their due process rights. Based on this recommendation, Stewart withdrew the determination by letter dated March 21, 1990.

Plaintiffs allege that EPC and Stewart failed to follow EPC and State Department of Environmental Regulation ("DER") (now, Department of Environmental Protection) rules regarding identification and classification of wetlands. Furthermore, Plaintiffs allege that the wetlands were in fact "artificially created" and that Defendants failed to follow their own rules by not excluding these artificial wetlands from the EPC's definition of wetlands. Defendant Stewart aided in

this effort, Plaintiffs allege, by substituting and applying a non-EPC rule plant list, which allowed classification of the Property as a wetland. Plaintiffs argue that based on these alleged applications of non-rule policy, the EPC has claimed jurisdiction over the Property and deprived Plaintiffs of their constitutionally guaranteed enjoyment of property without due process and equal protection of the law.

## STANDARD OF REVIEW

Complaints should not be dismissed for failure to state a claim, pursuant to Fed. R.Civ.P. 12(b)(6), unless it appears beyond a doubt that the plaintiff can prove no set of facts entitling him or her to relief. *Bradberry v. Pinellas County*, 789 F.2d 1513, 1515 (11th Cir.1986) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). In ruling on a motion to dismiss the allegations set forth in a complaint, the Court views the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1957).

## DISCUSSION

### I. Standing

■ First at issue is whether Plaintiff President has standing in this action. Defendants claim that President, as Bishop's alleged agent, lacks standing to challenge deprivation of any right of Bishop because "agent" is not included among the enumerated list of persons permitted to bring suit on behalf of a party. Courts have held otherwise.

Pursuant to Rule 17(a), Fed.R.Civ.P., in order for an individual to bring a suit, the individual must be a "real party in interest." *United States v. 936.71 Acres of Land, More or Less*, 418 F.2d 551, 556 (5th Cir.1969). Rule 17(a) lists a number of persons, in addition to the party, who qualify as a real party in interest. This list

"[I]s not meant to be exhaustive and anyone possessing the right to enforce a particular claim is the real party in interest even though he is not expressly identified

in the rules and is not beneficially interested in the potential recovery."

*Farrell Construction Co. v. Jefferson Parish, Louisiana*, 896 F.2d 136, 141 (5th Cir.1990) (quoting 6A Wright, Miller, and Kane, Federal Practice and Procedure: Civil 2d § 1543 (1990)).

Although not listed among these enumerated persons, an agent "who acted as an agent during the course of [a] transaction involved in the litigation, may sue for damages suffered by the principal." *Mitsui & Co. (USA), Inc. v. Puerto Rico Water Resources Authority*, 528 F.Supp. 768, 776 (D.P.R.1981). Furthermore,

[A]n agent is a proper plaintiff even though ... he did not have title to, or more than a transient possessory or custodial interest in, the property forming the subject of the dispute.

*Id.* at 776. Therefore, if President was in fact the agent of Bishop, President would have standing to bring an action on this claim. Whether President acted as an agent of Bishop in this transaction would be a question left for the consideration of a jury.

### II. Sovereign Immunity

■ The Eleventh Amendment of the U.S. Constitution states:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The amendment affords a state and its agencies absolute immunity from suit by individuals in federal court "absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued." *Gamble v. Florida Department of Health and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir.1986) (citing *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). In *Gamble*, the Eleventh Circuit asked the question, "Has Florida Waived its Eleventh Amendment Immunity to Suit in Federal Court?" The court analyzed § 768.-28, Florida Statutes Annotated (West Supp. 1985), which is a limited waiver of Florida's sovereign immunity in "traditional" tort ac-

tions. The court held that absent express language of consent § 768.28 does not constitute a waiver of immunity in federal actions under 42 U.S.C. § 1983. Since Florida has not expressly waived its immunity in "constitutional" actions, the state and its agencies are not "persons" under § 1983, and are immune from suit.

While states and state agencies are immune from suit under the Eleventh Amendment and are not "persons" pursuant to § 1983, *Howlett v. Rose,* 496 U.S. 356, 376, 110 S.Ct. 2430, 2443, 110 L.Ed.2d 332 (1990), courts have held that counties, municipalities, and local government units do not enjoy the same privilege. In *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which involved a local government, the U.S. Supreme Court held that municipalities and other local government units "which are not considered part of the State for Eleventh Amendment purposes" are "persons" under § 1983. *Id.* at 690 n. 54, 98 S.Ct. at 2036 n. 54. Thus, the Eleventh Amendment does not bar suits brought pursuant to § 1983 against these local government units.

Even though the application of sovereign immunity is somewhat settled, the nature of the EPC remains obscured. The plaintiffs allege that the EPC is a local government agency, and therefore, subject to suit under § 1983. Conversely, the defendants claim that the EPC is a state agency that is entitled to Eleventh Amendment immunity. While it appears no court has addressed the issue specifically, the character of the EPC can be gleaned from state law and cases.

The EPC was created by special act of the Florida legislature in 1967. Ch. 67–1504, Laws of Florida (1967) repealed by Ch. 84–446, Laws of Florida (1984), as amended by 87–495, Laws of Florida (1987). Pursuant to the special act, entitled the "Hillsborough County Environmental Protection Act," the intent and purpose behind enacting the legislation is "to provide and maintain for the *citizens and visitors of said county*" high standards of environmental quality and protection of flora and fauna. Ch. 84–446, Laws of Florida (emphasis supplied).

The act also provides for the creation, duties, and powers of the Hillsborough County Environmental Protection Agency (the "EPC"). The EPC consists of "the duly elected members of the Hillsborough County Board of County Commissioners." The Act also provides for appointment of a director by the EPC.

The Florida Second District Court of Appeal has held that the Hillsborough County EPC is a "local governmental agency ... and its jurisdiction is within the boundaries of Hillsborough County." *Hillsborough County Environmental Protection Commission v. Williams,* 426 So.2d 1285, 1286 (2d DCA 1983). The Williams court held that because it was created by special act, the EPC is not subject to the Florida Administrative Procedures Act, which is applicable to most *state* agencies. *Id.* at 1286.

Also of note is that the Supreme Court has recognized that "the regulation of land use is traditionally a function performed by local governments." *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 402, 99 S.Ct. 1171, 1177, 59 L.Ed.2d 401 (1979). Therefore, given that the Hillsborough County EPC functions as a local government unit and regulates the use of land only within the confines of Hillsborough County, it appears to be a local government unit. Thus, the EPC does not possess Eleventh Amendment immunity, and is subject to suit under § 1983.

III. The § 1983 Claim

In order to state a claim under 42 U.S.C. § 1983:

> [T]he plaintiff must show that he has been subjected to deprivation of a right, privilege, or immunity protected by federal law by a person acting under color of state of state law.

*Collins v. Walden,* 613 F.Supp. 1306, 1312 (N.D.Ga.1985), *aff'd* 784 F.2d 402 (11th Cir. 1986). Based on the cases cited below, the Plaintiffs have adequately alleged a deprivation of the right to due process and equal protection as secured by federal law, i.e. 42 U.S.C. § 1983.

■ Defendants argue that Stewart, in his official capacity as director of the EPC, may not have properly applied EPC rules, but plaintiffs have been afforded adequate opportunity for redress. To support this proposition, the Defendants cite the Northern District of Georgia ruling in *Collins v. Walden,* 613 F.Supp. 1306 (N.D.Ga.1985), aff'd 784 F.2d 402 (11th Cir.1986):

> [P]laintiff cannot establish a violation of procedural due process if the state has provided an adequate remedy for the alleged deprivation.

*Id.* at 1318 (citing *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1980)). The key to this analysis is the meaning of the term "adequate remedy." In *Parratt,* a prisoner's mail containing hobby material was lost when normal procedures for mail handling were not followed by prison staff. The Supreme Court held that an adequate state remedy was available that "could have *fully compensated* the respondent for the property loss he suffered ... sufficient to satisfy the requirements of due process." *Parratt,* 451 U.S. at 545, 101 S.Ct. at 1917 (emphasis supplied).

A similar remedy is not available to Plaintiffs. Plaintiffs have suffered damages for a deprivation of property, albeit temporary, that is not compensable by simply withdrawing the government-imposed impediment. The Supreme Court's language in *Parratt* indicates that an adequate post-deprivation of property remedy necessarily includes compensation. Thus, Plaintiffs are entitled to seek such compensation under § 1983 where they have properly stated a claim for damages. And, in this case, they have done so.

IV. Respondeat Superior

■ Defendants allege that Plaintiffs have failed to state a claim under § 1983 based upon the doctrine of respondeat superior. Defendants are partially correct. A violation of rights guaranteed under § 1983 may not be premised solely on the theory of respondeat superior. *Gilmere v. City of Atlanta,* 774 F.2d 1495, 1503 (11th Cir.1985). However, liability may be imposed upon the governmental entity for deprivation of civil rights based upon a governmental custom or policy. *Mandel v. Doe,* 888 F.2d 783, 791 (11th Cir.

1989). More specifically, a local government may be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury...." *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

■ Where a government employee is sued in his official capacity under § 1983, the suit is actually against the governmental entity represented by the individual. *Farred v. Hicks,* 915 F.2d 1530, 1532 (11th Cir.1990). Accordingly, Plaintiffs' claim against Defendant Stewart, in his official capacity as Director of EPC, is, in effect, a claim against EPC. In order to show municipal or governmental liability under § 1983, a single action by an individual with the authority to make policy may be sufficient to show official policy under appropriate circumstances. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986). Although Stewart's action may have only been a one-time deviation from the written rules by which the EPC operates, such deviation could amount to agency policy which deprived Plaintiffs of use of their property, a constitutional right, for several months. This finding is in accord with this Court's previous ruling in *Marcus v. Carrasquillo,* 782 F.Supp. 593 (M.D.Fla.1992).

Therefore, since Plaintiff's Bishop and President were not granted adequate relief pursuant to a final hearing, and Defendant Stewart's actions, discharged his official capacity as Director of EPC, could have amounted to agency policy, Plaintiffs have demonstrated a claim under 42 U.S.C. § 1983. Accordingly, it is

**ORDERED** that Defendants' Renewed Motion to Dismiss Plaintiffs' Amended Complaint be **denied.**

**DONE and ORDERED.**