LOBRANO, Judge.
Plaintiff, Michael Mielke, appeals the trial court judgment which dismissed his claim against Health America Corporation (the corporation) on a declinatory exception of insufficiency of service and lack of jurisdiction; and also dismissed his claim against Health America Louisiana Partners, L.P. (the partnership) on an exception of no cause of action.
Mielke sued both defendants alleging breach of contract. He asserts that he entered into an employment contract on or about March 15, 1985 which provided a base salary of $50,000.00, plus a bonus of 0% to 40% of his annual salary. The demand of his suit is the failure of defendants to pay the bonus.
The corporation filed a declinatory exception of lack of personal jurisdiction, and insufficiency of service of process. The corporation L.P. filed a peremptory exception of no right and no cause of action. The trial court granted both exceptions, and dismissed the suit. Mielke, who was not present at the hearing, argues he did not receive notice, and first learned of the judgment dismissing his suit on March 26, 1987. He filed a motion to annul the judgment and for new trial. Both motions were denied.
The merits of each exception are the issues for our review.
DECLINATORY EXCEPTION OF HEALTH AMERICA CORPORATION
The record lodged with this appeal does not contain a transcript of the hearing on the exceptions. However, Health America Corporation’s argument is that it is not a Louisiana Corporation, is not qualified to do business in Louisiana, does no business in Louisiana, and has no registered agent for service of process. In support of these arguments, this defendant submitted in evidence a report from the Secretary of State which states that this office has no record of this Corporation.[1]
*1211 Although Mielke was not present to offer any contradictory evidence, we cannot say the trial court erred in maintaining this exception. The service of citation on C.T. Corporation is ineffective absent a showing that C.T. is the registered agent for Health America Corporation.
We do believe, however that the trial court was in error to dismiss the suit. Code of Civil Procedure Article 932 provides:
“When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or revenue, the court may transfer the action to a proper court in the interests of justice.”
Our courts have construed this provision to require the granting of an opportunity to “cure” jurisdictional defects, unless it is clear from the record that the grounds for the defendant’s objections cannot be removed. Duplechain v. Clausing Machine Tools, 420 So.2d 720 (La.App. 4th Cir.1982); Bowman v. Weill Construction Co., 502 So.2d 133 (La.App. 3rd Cir.1987), writ denied 503 So.2d 495 (La.1987); Smith v. Liberty Mutual Insurance Co., 473 So.2d 394 (La.App. 3rd Cir.1985); State, through the Department of Health and Human Resources v. King, 447 So.2d 557 (La.App. 1st Cir.1984).
After a review of the record, we cannot say that the defendant’s objections cannot be removed by amendment or by other actions of the plaintiff. Furthermore, the legislature’s use of the word “shall” mandates the trial judge to afford plaintiff a reasonable time to cure the jurisdictional defect, if he can.
We therefore affirm the granting of defendant Health America Corporation’s dec-linatory exception, but amend the judgment to allow plaintiff thiry days from the date of this judgment to cure the jurisdictional defects. Failing to do so, Mielke’s suit against this defendant will be dismissed. PEREMPTORY EXCEPTION OF HEALTH AMERICA LOUISIANA PARTNERS, L.P.
This defendant filed exceptions of no right and no cause of action. The trial court considered only the no cause of action issue, and maintained that exception. The following rule is well settled.
“The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the papers. For the purpose of determining the validity of the exception, all well-pleaded allegations are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled.” (citations omitted) Haskins v. Clary, 346 So.2d 193 (La.1977).
Liberal rules of pleading prevail in Louisiana, and when it can reasonably do so, courts should maintain a petition to allow a plaintiff to present his case. Id.
Plaintiff’s petition in the instant matter alleges he had a contract with defendant which provides for a bonus and defendant failed to pay it.
Defendant argues that the pertinent language alleged in paragraph IV of the petition is not contained in the contract, and therefore no amount of evidence will allow plaintiff to recover. We disagree.
Plaintiff states in the last sentence of paragraph IV, “The bonus was to be based on petitioner’s performance.” The employment contract, attached to plaintiff’s amending petition, states, “This bonus program will be based upon a yet to be determined set of goals and objectives for yourself and the Baton Rouge HMO.”
Although plaintiff’s petition could have alleged more particulars concerning his entitlement to a bonus, we are of the opinion the petition states a cause of action for contract breach. Defendant’s exception concerns itself with a defense on the merits rather than a defense on the face of the *1212 pleadings. “Plaintiff was not required to negate in his petition the myriad of possible arguments assailing the validity of the alleged contract. He specifically alleged that a contract had been entered into and breached.... This was sufficient to state a cause of action.” Haskins v. Clary, supra at 195.
Because of the result we reach, it is unnecessary to discuss plaintiff's argument concerning his motion for a new trial.
DECREE
We affirm that portion of the trial court judgment maintaining the declinatory exception of lack of jurisdiction and insufficient service, but amend same to give plaintiff thirty days to cure these defects, if he can.
We reverse that portion of the trial court judgment which granted the peremptory exception of no cause of action.
AFFIRMED IN PART, AMENDED IN PART AND REVERSED IN PART AND REMANDED.

. This report, although not in the record, is attached to appellee’s brief with the explanation that it was in fact filed in evidence but for some reason is missing from the record. Since appellant has not objected we assume it was part of the record.