576 So.2d 599 (1991)
S.K. WHITTY & COMPANY, INC.
v.
LAURENCE L. LAMBERT & ASSOCIATES; Madan Kamboj; City of New Orleans; New Orleans Aviation Board; Landis & James Construction Co., Inc.
No. 90-CA-0799.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 1991.
Rehearing Denied April 10, 1991.
Writ Denied May 31, 1991.
*600 Normand F. Pizza, Julian A. Parker, II, Brook, Morial, Cassibry, Fraiche & Pizza, New Orleans, for plaintiff-appellant.
William H. Reinhardt, Jr., William M. McGoey, Post & Reinhardt, Metairie, for defendants-appellees.
Before KLEES, BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff, S.K. Whitty & Co., Inc., appeals from the maintaining of the peremptory exception raising the objection of no cause of action. The exception was maintained in favor of defendants Laurence L. Lambert d/b/a Laurence L. Lambert & Associates and Madan Kamboj. We find the trial court erred and reverse the maintaining of the exception.

FACTUAL AND PROCEDURAL HISTORY
The City of New Orleans, through the New Orleans Aviation Board, published an Invitation to Bid for the construction of a multi-level parking garage at the New Orleans International Airport. Laurence L. Lambert, d/b/a Laurence L. Lambert and Associates, prepared the plans and specifications included in the Invitation to Bid, with Madan Kamboj acting as its agent. Landis and James Construction Co. was selected as the general contractor for the project.
Plaintiff, S.K. Whitty and Company, Inc., was awarded a subcontract for pile driving on the project. The plaintiff alleges that while the pile driving activities were in progress, Lambert ordered Whitty to cease work while it and Kamboj interpreted the specifications. Afterwards, Lambert and Kamboj required Whitty to perform additional load tests and to use additional materials and methods allegedly not included in the specifications. Whitty filed this suit against Laurence L. Lambert d/b/a Laurence L. Lambert and Associates, Madan Kamboj, the City of New Orleans, the New Orleans Aviation Board and Landis and James Construction Company to recover compensation for the additional work. The petition alleged causes of action against Lambert and Kamboj that the defendants failed to exercise the standard of care normally exercised by reasonable and prudent engineers in preparing the specifications, that the specifications were defective and incomplete, that the defendants failed to correct the specifications, that the defendants were negligent in the administration of the contract, and that they were in bad faith.
Lambert and Kamboj filed an exception of no cause of action contending that they *601 cannot be held personally liable for the amounts owed plaintiff because of exculpatory language in the contract and because of their disclosed agency relationship with the Aviation Board. The trial court granted the exception of no cause of action in favor of Lambert and Kamboj without reasons. It granted Whitty twenty days to amend its petition to state a cause of action against these defendants, with the failure to do so resulting in dismissal with prejudice. Whitty did not amend. Instead, it sought writs to this court which were denied on the basis that the appropriate remedy from a judgment maintaining the defendants' exception of no cause of action was by appeal. S.K. Whitty & Company, Inc. v. Laurence L. Lambert & Associates, et al., unpub., (90-C-414, La.App. 4th Cir., July 16, 1990). This appeal followed.

ASSIGNMENT OF ERROR
A peremptory exception of no cause of action tests the legal sufficiency of the petition and, for purposes of the validity of this exception, all well pleaded allegations of fact are accepted as true. If the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977); Mielke v. Health America La. Partners, 522 So.2d 1209 (La. App. 4th Cir.1988). Liberal rules of pleading prevail in Louisiana, and when it can reasonably do so, a court should maintain a petition to allow a plaintiff to present his case. Id.
Whitty has alleged an action in tort for negligence in the drafting of the specifications. The defendants argue that the contract attached to the petition includes an exculpatory clause,[1] thereby apparently arguing that although the cause of action may once have been available to Whitty, Whitty as a party to the subcontract renounced what the law established in its favor. In a case squarely on point a federal district court found that an exculpatory clause did not prevent a general contractor from recovering for preconstruction negligence in the drafting of specifications on the part of the engineer or architect. Farrell Construction Co. v. Jefferson Parish, 693 F.Supp. 490 (E.D.La.1988); reversed in part, 896 F.2d 136 (5th Cir.1990). The general contractor argued that the defective plans substantially impeded progress and caused the contractor to perform work beyond that called for in its contract. The court found that Louisiana law recognizes the duty of care owed by an engineer or architect to persons with whom the engineer or architect does not have privity, such as a subcontractor, and that a cause of action exists in tort to recover damages for a breach of that duty. The court found the petition stated a viable cause of action pursuant to that theory of recovery. The court interpreted the exculpatory clause in the contract between the general contractor and the owner to determine whether the contractor had renounced what the law had established in its favor. The court found that all claims for acts or omissions which took place during the course of construction fell within the proscription of the exculpatory clause. However, the court found that all claims for pre-construction negligence necessarily did not fall within the proscription of the exculpatory clause since the contract did not exist at that time.
Accordingly, we find that Louisiana substantive law provides a cause of action to recover for pre-construction negligence. In this case, Whitty has stated a viable cause of action pursuant to that theory of recovery by alleging in its petition that the defendants failed to exercise the standard of care normally exercised by reasonable and prudent engineers in preparing plans, drawings and specifications for the project. We find that the relevant exculpatory clause of the contract does not proscribe recovery under that theory since the contract did not exist at the time the plans were prepared. Furthermore, the exculpatory clause contemplates no liablity on the part of the engineer in "carrying out any of the contract provisions" (emphasis added), *602 not in preparing those provisions. The exception therefore was improperly maintained. We reverse the maintaining of the exception and remand.
REVERSED AND REMANDED.
NOTES
[1] In carrying out any of the contract provisions, or in exercising any power or authority granted to him by this contract, there should be no liability upon the engineer, his authorized representative, or any official of the owner, either personally or as an official of the owner.