CARAWAY, J.,
concurring in part and dissenting in part.
_|jl agree with the majority’s ruling finding Bernhard liable for Akers’s contractual claim and the award for Akers’s principal demand. Akers’s ability to return the Ven-taire system and mitigate his loss was a close question of fact. Akers took the position that he delivered the product to *832 Bernhard and the “sale was complete.” Therefore, because of Bernhard’s control of the product at that point, Akers was not responsible for either its return to Ven-taire or its resale.
I respectfully dissent to the majority’s ruling in favor of Bernhard on its third party demand against the City. Once the conclusion was properly reached that the tax exemption certificate did not make Bernhard the City’s agent for Akers’s contract, the City’s assertion of no cause of action should have also been recognized. As a subcontractor, Bernhard had no contract with the City. If the City’s proposed contractual specification for the general contract was violated, the City’s breach was directly against A & R, which in turn would owe Bernhard for the damaging consequences of the City’s action under the A & R/Bernhard subcontract. Bern-hard never sued A & R but rested its claim solely on the rejected agency theory.
|2Significantly, Bernhard’s third party claim against the City makes no claim for tortious interference with contract. Such claim has been observed in the jurisprudence dealing with the construction contracts. See Harris Builders, LLC v. URS Corp., 861 F.Supp.2d 746 (E.D.La.2012), citing Colbert v. B.F. Carvin Constr. Co., 600 So.2d 719 (La.App. 5th Cir.1992); Standard Roofing Co. Of New Orleans v. Elliot Constr. Co., Inc., 535 So.2d 870 (La.App. 1st Cir.1988); S.K. Whitty & Co., Inc. v. Laurence L. Lambert & Assocs., 576 So.2d 599 (La.App. 4th Cir.1991). Nevertheless, from my research, tortious interference with contract has never been dealt with by the Louisiana Supreme Court in this context. See 9 to 5 Fashions, Inc. v. Spurney, 588 So.2d 228 (La.1989) (finding intentional tortious interference with a contract claim only under the narrow facts of the case). In the absence of Bernhard’s raising of such claim to the trial court or this court, I would deny its claim against the City.