EDWIN A. LOMBARD, Judge.
|/The plaintiff, Terrance Harbor, appeals the summary judgment rendered in favor of defendant Clay Barrilleaux (a/k/a Robert Clay Barrilleaux) in his personal capacity, dismissing all claims against him with prejudice. After de novo review, we reverse the trial court judgment.

Relevant Facts and Procedural History

In March 2013, the plaintiff contracted with Davie Shoring, Inc., (the contractor) to elevate his home at 4118 S. Johnson Street in New Orleans for a total amount of $79,285.06. Shortly thereafter, the contractor applied for a building permit to perform the elevation work, attaching elevation plans stamped by Clay Barrilleaux of Barrilleaux & Associates, Inc., in support of the application. On May 15, 2013, the City of New Orleans Department of Safety and Permits issued the required elevation work permit. The plaintiff was not satisfied with the elevation work, demanding repairs on June 21, 2013, and filing this lawsuit on April 4, 2014. The plaintiff included both Mr. Barrilleaux as a defendant in both his corporate (“Robert Barrilleaux & Associates, Inc.,”) and personal (“Clay Barrilleaux, a professional engineer and individual of majority age domiciled in Livingston Parish”) capacities, claiming that “Clay Barrilleaux and/or Barrilleaux & Assoc.” breached the standard of care of professional engineers by issuing ^defective elevation plans and failing “to properly observe the construction on the'" Property,”' thereby allowing “numerous defective conditions and/or construction that did not. comply with the codes to be built.”
Mr. Barrilleaux filed the instant motion for summary judgment on June 9, 2014, asserting that the claims against him in his individual capacity should be dismissed as a matter of law because at he acted as an agent and officer of the corporation, Rob *621 ert Barrilleaux & Associates, Inc., at all times relevant and therefore was statutorily protected from individual liability. The plaintiff filed his opposition to the defendant’s motion on October 2, 2014. After a hearing on October, 10, 2014, the district court granted the defendant’s motion for summary judgment, dismissing the plaintiffs petition against Mr. Barrilleaux in his individual capacity with prejudice at the plaintiffs cost. This devolutive appeal was timely filed.

Standard of Review

On appeal, we review a motion for summary judgment de novo, using the same criteria governing the trial court’s determination of whether summary judgment is appropriate, i'e., whether' there exists any genuine issue of material fact and whether, the movant is entitled to summary judgment as a matter of law, Samaha v. Rau, 07-1726, pp. 3-4, 977 So.2d 880, 882-83.

Applicable Law

Summary judgment is properly granted when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show.that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966(B). As amended in 1996, La.Code Civ. Proc. art. 966 specifically provides that “summary judgment ^procedure is designed to secure the just, spéedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends.” La.Code Civ. Proc. art. 966(A)(2). Pursuant to La.Code Civ. Proc. art. 966(C)(2). The burden of proof in the burden of proof in summary judgment proceedings is as follows:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be- able to satisfy his evidentiary burden of proof at trial; there is no genuine issue of material fact.
La.Code Civ. Proc. art. 966(C)(2). Accordingly,'the burden, is.on.the mover to produce evidence or (when, as in this case, the mover is a defendant) simply point out the lack of factual support for an essential element of the opponent’s case. At that point, the party who bears the burden of persuasion at trial (as in this case, the plaintiff) must come forth with evidence (affidavits or discovery responses) demonstrating an ability to meet that burden at trial. Wright v. Louisiana Power & Light, 06-1181, p. 16 (La.3/9/07), 951 So.2d 1058, 1069 (citation omitted). Therefore, once a motion for summary judgment has been properly supported .by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Wright, at p. 16, 951 So.2d at 1069-70 (citation omitted).

Discussion

| ¿Mr. Barrilleaux points out in his motion for summary judgment that with regards to the elevation of the plaintiffs house he acted at all times as an agent and officer of the corporation, Robert Barril-leaux & Associates, Inc., and is therefore protected from individual liability by the statutory law of Louisiana. Mr. Barril-leaux attaches as exhibits in support of his *622 motion: (1)' a verified copy of the Louisiana Secretary of State’s summary of the corporation’s active status and his (Mr. Barrilleaux’s) status as an officer of the corporation; (2) a copy of the articles of incorporation for “Robert Barrilleaux • <⅞ Associates, Inc.,” stamped to indicate receipt and filing by the Secretary of State’s office on December 29, 2004; (3) a copy of the “Initial Report” of for “Robert Barril-leaux & Associates, Inc.,” indicating that “Clay Barrilleaux” is the registered agent of the corporation; (4) a copy of the “Affidavit of Acceptance of Appointment by Designated Registered Agent” signed by “Clay Barrilleaux” before a notary public on December 21, 2004; (5) the certificate issued by the Secretary of State’s office certifying that the corporation for “Robert Barrilleaux & Associates, Inc.” was authorized to transact business in the Louisiana; (6) an invoice (# 632, dated 8/1/2013)' from “Robert Barrilleaux' & Associates, Inc.,” to “Davie Shoring”, marked “PAID” which included 2 items (“Inspection of Foundation” and “Review and approval of as-built drawings,” totaling $200.00) pertinent to 4118 S. Johnson Street in New Orleans; (7) an invoice (# 516, dated 2/27/2013) from “Robert Barrilleaux & Associates, Inc.,” to “Davie Shoring” marked “PAID” which included 1 item (“Square footage verification and base drawing for permit,” for a total of $75.00) pertinent to 4118 S. Johnson Street in New Orleans; (8) an invoice (# 724, dated 2/13/2014) from “Robert Barrilleaux & Associates, Inc.,” to “Davie Shoring” marked “PAID” which included 1 item (“Meet with state and homeowner at 4118 S. Johnson [sic], IfiNew Orleans” for a total of $260.00) pertinent to this matter; and (9) an affidavit sworn and subscribed before a notary on June 9, 2014, by “Robert Clay Barrilleaux” stating that he is a licensed professional engineer doing business under Barrilleaux & Associates, Inc., and that any design work and any inspections were done as an agent of the corporation, that fees invoiced by the corporation were paid to the corporation and deposited in the corporative bank account, and that the “agreement to provide services to Davie Shoring, Inc. was with Barrilleaux & Associates, Inc., not Robert Clay Barrilleaux, nor Clay Barrilleaux.”
The plaintiff argues in his' opposition to1 summary judgment that Mr. Barrilleaux is personally liable for breaching his professional duty of care and/or negligently preparing, designing, and issuing the elevation plans. As supporting authority, the plaintiff submits that pursuant to S.K. Whitty & Co., Inc. v. Laurence L. Lambert & Associates, 576 So.2d 599, 600 (La.App. 4 Cir.1991), a viable cause of action exists under Louisiana law to recover for an engineer’s negligence in breaching his duty. Accordingly, the plaintiff asserts that a genuine issue of material fact as to whether the defendant is liable in his personal capacity and summary judgment is inappropriate. In support, the plaintiff attaches: (1) an affidavit by the defendant declaring that he is professional engineer doing business as Barrilleaux & Associates, Inc., and that his work in this case was done as an.agent of the corporation, not in his individual capacity; (2) plans for the .work on the plaintiffs elevation project stamped and dated with corporate logo; (3) a “Statement of Responsibility for 4118 S. Johnson St., New Orleans, LA” with corporate letterhead addressed to the contractor (Davie Shoring, Inc.) and signed “Clay Barrilleaux, PE,” stating as follows:
iJBy this letter, I certify that the plans .that bear my seal and signature in regards to the raising and construction at the above, address are consistent with the IRC 2009, ASCE 7-05 and local specifications. I have prepared and reviewed these plans for this specific loea *623 tion and have approved them as a professional engineer and bear the liability that comes with that approval.
Notably, although this exhibit appears to be a concession by Mr. Barrilleaux that he is personally liable for the elevation plans pertinent to the plaintiffs house, the plaintiff references this exhibit (“C”) only briefly by footnote to support his statement that “[a]s a licensed professional engineer, Mr. Barrilleaux is liable for damages caused by his negligence.” In his footnote, the plaintiff points out that “In fact, Mr. Barrilleaux assumes liability for his approval of the plans for the elevation of the Property.” No reply brief was filed on behalf of Mr. Barrilleaux and neither party addressed Mr. Barrilleaux’s apparent written concession of personal liability in oral argument before the district court judge at the motion hearing on October 10, 2014. Rather, plaintiffs counsel argued to the district court judge that this was a tort case based on a theory of professional malpractice wherein professional engineers, as with doctors and lawyers, could not stand behind a corporate veil and, therefore, Mr. Barrilleaux was liable in his individual capacity over and beyond the liability of his corporation. The district court judge was not persuaded by this argument and granted Mr. Barrilleaux’s motion for summary judgment.
On appeal, the plaintiff again submits that pursuant to this court’s decision in Whitty, supra, Louisiana law “recognizes that there is a duty of care owed by an ‘engineer or architect to persons with whom the engineer or architect does not have privity’ and that a cause of action exists in tort to recover damages for a breach of that duty.” However, the issue before this court in Whitty (on application for ^supervisory review) as whether the district court was correct in granting a peremptory exception of no cause of action against an engineer based on an exculpatory clause that released the engineer from personal liability or as “official of the owner.” In resolving that issue pursuant to the plaintiffs writ application, this court stated:
Whitty has alleged an action in tort for negligence in the drafting of the specifications. The defendants argue that the contract attached to the petition included an exculpatory clause [releasing the engineer, from personal liability or as “official of the owner”], thereby apparently arguing that although the cause of action may have once been available to Whitty, Whitty as a party to the subcontract renounced what the law established in its favor. In a case squarely on point a federal district court found that an exculpatory clause did not prevent a general contractor from recovering for pre-construction negligence in the drafting of specifications on the part of the engineer or architect. Farrell Construction Co. v. Jefferson Parish, 693 F.Supp. 490 (E.D.La.1988); reversed in part, 896 F.2d 136 (5th Cir.1990). The general contractor [in the federal case] argued that the defective plans substantially impeded progress and caused the contractor to perform work beyond that called for in its contract. The [federal] court found that Louisiana law recognizes the duty of care owed by an engineer or architect to persons with whom the engineer or architect does not have privity, such as a subcontractor, and ■that a cause of action exists in tort to recover damages for a breach of that duty. The [federal] court found the petition stated a viable cause of action pursuant to that theory of recovery. The [federal] court interpreted the exculpatory clause in the contract between the general contractor and the owner to determine whether the contractor had renounced what the law had establish in *624 its favor. The [federal] court found that all claims for acts or omissions which took place during the course of construction fell within the proscription of the exculpatory clause. However, the [federal] court found that all claims for pre-construction negligence necessarily did not fall within the proscription of the exculpatory clause since the contract did not exist at that time.
Accordingly, we find that Louisiana law provides a cause of action to recover for pre-construction negligence. In this case, Whitty has stated a viable cause of action pursuant to that theory of recovery by alleging in its petition that the defendants failed to exercise the standard of care normally exercised by reasonable prudent engineers in preparing plans, drawings- and specifications for the- project. We find that the relevant exculpatory clause does not proscribed recovery under that theory since the contract did not exist at- the time the plans were prepared. Furthermore, the exculpatory clause contemplates no liability on the part of the engineer in “carrying out any of the | {¡contract provisions” (emphasis added), not in preparing those provisions. The exception therefore was improperly maintained.
S.K. Whitty & Co., Inc. v. Laurence L. Lambert & Associates, 576 So.2d at 601-602.
Accordingly, although Whitty stands for the proposition (uncontested in this case) that a cause of action exists for pre-con-struction negligence, it does not address whether an engineer is liable for such negligence both as a corporate entity and in his personal capacity.
The plaintiff also La.Rev.Stat. 12:1174 provides a statutory basis for its separate and personal claim against Mr. Barril-leaux. Conceding that Louisiana law generally “shields an incorporator, subscriber, shareholder, director, officer, employee and/or agent of an architectural-engineering corporation from personal liability for the debts or liabilities.of the corporation,” the plaintiff argues that Section (C) of the statute provides that “an officer and/or agent of an architectural-engineering corporation may be held personally liable” when that person “commits fraud; breaches a professional duty; and/or commits any other negligent or wrongful act.”
La.Rev.Stat. 12:1174, the statutory framework for architectural-engineering corporations, provides in part:
B. A shareholder shall not be personally liable for any debt or liability of the corporation.
C. Nothing in this Chapter shall be construed as in derogation of any rights which any person may have against an incorporator, subscriber, shareholder, director, officer, employee, or agent of the corporation, because of any fraud practiced upon him, or because of any breach of professional duty, or other negligent or wrongful act, by such person, or in derogation or any right which the corporation may have against any of such persons because of any fraud practiced upon it by him.
In essence, the plaintiff asserts that La.Rev.Stat. 12:1174(C) creates a professional malpractice action against engineers and architects! However, although the statute was enacted in 1983, it has never been construed in that matter[1] and, as counsel for plaintiff conceded at oral argument, is an issue of first impression. It is problematic as to whether the language of the statute supports the plaintiffs argument and if the state legislature intended *625 to created a professional architect/engineer malpractice cause of action. However, we need not reach that issue in this case because Mr. Barrilleaux’s personally-signed letter stating “I have prepared and reviewed these plans for this specific location and have approved them as a professional engineer and bear the liability that comes with that approval” creates a genuine issue of material fact as to whether a claim exists against Mr. Barrilleaux in his individual capacity. Therefore; summary judgment is not appropriate on that issue at this point in the proceedings. •

Conclusion

Because upon de novo review we find that a genuine issue of material fact exists as to whether Mr. Barrilleaux is liable to the plaintiff in his individual capacity and that summary judgment should be denied. Therefore, the judgment of the trial court is reversed.
REVERSED.
LANDRIEU, J., concurs for the reasons assigned by Judge LOBRANO.
LOBRANO, J., concurs with reasons.

. In fact, the only publicly available references to the statute since 1983 appear to be made in the briefs of plaintiffs' counsel's to this court in this case.