FRED J. THOMPSON      *      NO. 2022-CA-0729

VERSUS      *

     COURT OF APPEAL

HOUSING AUTHORITY OF      *
NEW ORLEANS, ROBERT E.      FOURTH CIRCUIT
ANDERSON, GREGG      *
FORTNER, AND AB      STATE OF LOUISIANA
INSURANCE COMPANY      * * * * * * *


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-04634, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Paula A. Brown)

*LEDET, J., CONCURS*
*BROWN, J., CONCURS IN THE RESULT*

Raymond C. Burkart, Jr.
THE LAW OFFICES OF RAYMOND C. BURKART, JR., L.L.C.
321 North Florida Street
Suite 104
Covington, LA 70433

       COUNSEL FOR PLAINTIFF/APPELLANT


Sloan L. Abernathy
Frederic Theodore Le Clercq
Joseph L. McReynolds
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, LA 70130

       COUNSEL FOR DEFENDANTS/APPELLEES

       **AFFIRMED IN PART; REVERSED AND REMANDED IN
       PART; APPEAL DISMISSED IN PART; EXCEPTION OF
       NO CAUSE OF ACTION RAISED ON APPEAL DENIED**

       **MAY 26, 2023**

*JCL*

The Appellant, Fred J. Thompson ("Thompson"), seeks review of the August 15, 2022 judgment of the district court, sustaining exceptions of no cause and no right of action of the Appellees, Defendants Housing Authority of New Orleans ("HANO"), Robert E. Anderson, and Gregg Fortner, and dismissing the majority of Thompson's claims. The district court also granted Thompson leave to amend his petition as to his unconstitutionality claim under La. R.S. 40:539(C)(8)(b) and his whistleblower claim under La. R.S. 23:967.[1]

Pursuant to our *de novo* review, we affirm the August 15, 2022 judgment in part and uphold the district court's sustaining of the Appellees' exception of no right of action and dismissal of Thompson's claims: 1) under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq.*; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La. Const. art. X, § 1, *et seq.*, and 3) for alleged violations of La. R.S. 42:1169 (the whistleblower statute contained in the Code of Governmental Ethics).

Furthermore, we affirm the district court's ruling, sustaining the Appellees' exception of no cause of action as to Thompson's tort claims for negligence and breach of duties. However, we reverse the district court's dismissal of these claims

---

[1] In *Scott v. Hous. Auth. of New Orleans*, 22-0728 (La. App. 4 Cir. 4/18/23), --- So.3d ---, 2023 WL 2984764, this Court was presented with the identical claims and legal argument on behalf of a HANO police officer, who was represented by the same counsel who represents Thompson in this case, as presented in the case *sub judice*. For purposes of consistency, we have adopted in this opinion the analysis and format utilized in *Scott*.

1

and remand this matter for further proceedings, with instructions to the district court to allow Thompson leave to amend his tort claims for negligence and breach of duties pursuant to La. C.C.P. art. 934.

Additionally, we lack jurisdiction to consider that portion of the judgment sustaining the exception of no cause of action of the Appellees as to Thompson's unconstitutionality claim under La. R.S. 40:539(C)(8)(b), and allowing him leave to amend said claim. Therefore, we dismiss Thompson's appeal in part.

Lastly, we decline to consider the Appellees' exception of no cause of action raised on appeal.

**FACTS AND PROCEDURAL HISTORY**

Thompson was a HANO police officer whose employment was terminated in March 2016. In May 2016, he filed suit against HANO, its insurer, AB Insurance Company, and his former supervisors, Robert E. Anderson, the Director of Public Safety/Chief for HANO, and Gregg Fortner, the Executive Director for HANO. A summary of the facts alleged in the petition is provided in the following paragraphs.

On February 20, 2016, Thompson and his partner, Officer Anthony Lindsey, went to assist another HANO officer, Edgar Baron, after hearing on the police radio that Officer Baron had stopped a pedestrian. When Thompson and Officer Lindsey arrived at Officer Baron's location, they observed a black male handcuffed and seated in the back of Officer Baron's squad car. Thompson observed that the handcuffed male was the same person he had seen a short time earlier waiting at a bus stop. Thompson believed that the stop by Officer Baron violated the subject's civil rights.

2

Two days later, on February 22, 2016, Thompson and Officer Lindsey were approached by Sergeant Harry Stanley, who told them that one of them would have to "ride," or patrol, with Officer Baron. Thompson stated that he did not want to ride with Officer Baron because he believed Officer Baron had a history of stopping HANO residents and violating their civil rights. Officer Lindsey also told Sgt. Stanley he did not want to ride with Officer Baron. At that point, Sgt. Stanley called his supervisor, Lieutenant Tyrone Martin, and told him that neither Thompson nor Officer Lindsey wanted to patrol with Officer Baron. Lt. Martin replied, "They don't have wants."

A short time later, Thompson was ordered to report to HANO's main office, where Lt. Martin instructed him to give a written statement regarding his conversation with Sgt. Stanley about riding with Officer Baron and regarding Officer Baron's earlier pedestrian stop. Thompson complied and wrote out a statement.

On February 25, 2016, Thompson met with Appellee Anderson and was instructed to sign a letter reprimanding him for violations of the HANO Police Department Code of Conduct for insubordination and conduct unbecoming of a HANO officer. On February 29, 2016, Thompson received a letter from Appellee Fortner, notifying Thompson of his intention to terminate Thompson. The letter further notified Thompson that he had the right to file a grievance within five business days. Further, the letter informed Thompson that he was immediately placed on administrative leave and that if he did not timely file a written grievance, he would be terminated effective March 8, 2016.

Thompson subsequently filed a grievance letter, wherein he asserted that he was never given a copy of the HANO Police Department's Code of Conduct, was

3

never officially ordered by Sgt. Stanley to ride with Officer Baron, and was already given a written reprimand on February 25, 2016 for the alleged violations. On March 9, 2016, Appellee Fortner conducted a grievance hearing. Appellee Fortner did not allow Thompson or his attorney to record the hearing. Thompson received a letter from Appellee Fortner dated March 14, 2016, notifying him of his immediate termination.

In his petition, Thompson pled that HANO did not inform him of the minimum standards guaranteed a police officer under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et. seq.* He further pled that his termination violated La. R.S. 40:2531, *et seq.*

Thompson averred that the Appellees terminated him and failed to provide him with due process protections due to him as a police officer under the Police Officer's Bill of Rights, La. R.S. 40:2531-2535, and as a classified state civil service employee, under La. Const. art. X, § 1, *et seq.* He additionally alleged the Appellees fired him in retaliation for reporting police misconduct in violation of the protection afforded to whistleblowers under La. R.S. 42:1169 and La. R.S. 23:967. Thompson further asserted that the Appellees were negligent and breached various duties owed to him. He also asserted federal claims under 42 U.S.C. §§ 1983, 1985, and 1986. Lastly, he sought punitive damages from the Appellees.

The case was removed to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 on June 27, 2016. On September 19, 2016, the federal district court remanded the state law claims and retained jurisdiction over the federal law claims. *See Thompson v. Hous. Auth. of New Orleans*, No. CV 16-11856, 2016 WL 4976446 (E.D. La. Sept. 19, 2016), *aff'd*, 689 F. App'x 324 (5th Cir. 2017).

In response to the petition, the Appellees filed exceptions of no cause of action and no right of action, and alternatively, lack of subject matter jurisdiction. On August 9, 2022, a hearing was held on the Appellees' exceptions. On the same date, the district court orally rendered judgment, sustaining the exceptions of no right of action and no cause of action and dismissing Thompson's claims: 1) under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq.*; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La. Const. art. X, § 1, *et seq.*; and 3) for alleged violations of La. R.S. 42:1169. Furthermore, the district court granted the Appellees' exception of no cause of action and dismissed Thompson's claims for "negligence" and "breach of duties," as well as for punitive damages.

In addition to sustaining the foregoing exceptions, the district court sustained the Appellees' exception of no cause of action in response to Thompson's claims under the general whistleblower statute of La. R.S. 23:967, and seeking to declare La. R.S. 40:539(C)(8)(b) unconstitutional pursuant to the Louisiana Constitution. However, the district court allowed Thompson to amend his petition within 15 days to cure the grounds for the exception of no cause of action as to these claims. The judgment was reduced to writing and signed by the district court on August 15, 2022. This timely appeal followed.

After filing the instant appeal, Thompson timely filed his First Supplemental and Amending Petition. The Appellees responded by filing an exception of no cause of action in this Court.

Thompson raises three assignments of error on appeal:[2]

_____

[2] Thompson did not raise the dismissal of his claim for punitive damages as an assignment of error on appeal.

1) the district court erred when it sustained the Appellees' exceptions of no cause of action and no right of action and dismissed with prejudice his claims for damages for violations of: a) rights, guarantees, and protections pursuant to La. R.S. 40:2531, *et seq.*, Police Officer's Bill of Rights; b) rights, guarantees, and protections afforded civil service employees pursuant to La. Const., art. X, § 1, *et seq.*, and State Civil Service Rules; c) rights, guarantees, and protections afforded to state whistleblowers pursuant to La. R.S. 42:1169; and d) duties based on intentional acts or negligence;

2) the district court erred in sustaining the Appellees' exception of no cause of action and no right of action seeking contribution from HANO to the State Civil Service System; and

3) the district court erred in sustaining the Appellees' exceptions of no cause of action and no right of action and dismissing Thompson's petition for declaratory judgment regarding the constitutionality of La. R.S. 40:539(C)(8)(b) on its face and as applied to HANO.[3]

We will first discuss the district court rulings on the Appellees' exception of no right of action.

## EXCEPTION OF NO RIGHT OF ACTION

Thompson seeks review of the district court's judgment sustaining the Appellees' exception of no right of action and dismissal of his claims for: 1) violations of rights, guarantees, and protections under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq.*; 2) violations of rights, guarantees, and protections afforded civil service employees pursuant to La. Const., art. X, § 1, *et seq.*, and State Civil Service Rules; 3) for a declaratory judgment regarding the constitutionality of La. R.S. 40:539(C)(8)(b) on its face and as applied to Appellee

---

[3] As explained more fully below, the district court only sustained the Appellees' exception of no cause of action as to Thompson's claim of the unconstitutionality of La. R.S. 40:539(C)(8)(b) and granted him leave to amend this claim.

6

HANO; and 4) violations of rights, guarantees, and protections afforded to state whistleblowers pursuant to La. R.S. 42:1169.

**Standard of Review**

Exceptions of no right of action are raised by a peremptory exception, which functions "to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. arts. 923 and 927. The function of an exception of no right of action, however, "is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Reese v. State Dep't of Pub. Safety & Corrs.*, 03-1615, pp. 2-3 (La. 2/20/04), 866 So.2d 244, 246. The mover carries the burden of proof on the exception. *Leone v. Ware*, 17-638, p. 3 (La. App. 3 Cir. 5/2/18), 246 So.3d 833, 835.

When an appellate court reviews a trial court's ruling on an exception of no right of action, the focus should be "on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, p. 7 (La. 10/25/11), 79 So.3d 246, 256. The court begins its analysis on an exception of no right of action "with an examination of the pleadings." *Leone,* 17-638, p. 3, 246 So.3d at 835 (*quoting Howard v. Adm'rs of Tulane Educ. Fund*, 07-2224, pp. 17-18 (La. 7/1/08), 986 So.2d 47, 60).

A *de novo* standard of review applies to a trial court's ruling sustaining an exception of no right of action. *St. Pierre v. Northrop Grumman Shipbuilding, Inc.*, 12-0545, p. 7 (La. App. 4 Cir. 10/24/12), 102 So.3d 1003, 1009. Because

exceptions of no right of action present questions of law, appellate review "involves determining whether the trial court was legally correct in sustaining such exceptions." *Id.*

For the reasons discussed below, pursuant to our *de novo* review, we find the district court properly sustained the Appellees' exception of no right of action.

**Police Officer's Bill of Rights**

Thompson pled that his rights under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq.*, were violated because HANO failed to notify him of the minimum standards guaranteed a police officer during an investigation and afford him an opportunity to provide witnesses and examine HANO's witnesses during the course of its investigation, in addition to failing to provide him other protections, and did not allow him to record the grievance hearing. He further pled that the Appellees did not grant him the statutory minimum standards guaranteed to him as a police officer when he was fired in retaliation for disclosing Officer Baron's pattern and practice of violating citizens' civil rights. However, this Court has held that the Police Officer's Bill of Rights is inapplicable to HANO officers.

In *Smith v. Hous. Auth. of New Orleans*, 17-0038 (La. App. 4 Cir. 6/28/17), --- So.3d ---, 2017 WL 3426018, a HANO police officer, Smith, sued the same Appellees involved in the instant case, as well as a fellow HANO officer, after being fired. Smith alleged he was wrongfully terminated without civil service protections and that he was terminated because he was a whistleblower. *Smith,* 17-0038, pp. 1-2, --- So.3d at ---, 2017 WL 3426018, *1.

The defendants filed numerous exceptions, including an exception of no cause of action pertaining to a claim Smith raised pursuant to 42 U.S.C. § 1983. The district court sustained the exception and dismissed Smith's 42 U.S.C. § 1983

claim. *Smith*, 17-0038, p. 2, --- So.3d at ---, 2017 WL 3426018, *1. On appeal, the *Smith* Court rejected an ancillary argument raised by Smith: as a whistleblower, he was wrongfully denied the protections provided by the Police Officer's Bill of Rights.

The Court explained that the definition of a "police employee" provided in La. R.S. 40:2531 excludes HANO officers:

> La. R.S. 40:2531 applies:
>
> > only to police employees as defined by R.S. 40:1372(5), Louisiana P.O.S.T. certified probation and parole officers employed by the Louisiana Department of Public Safety and Corrections, division of probation and parole, and to those law enforcement officers employed by any municipality and campus police employed at any state-supported college or university who are under investigation ....
>
> La. R.S. 40:1372(5) provides that a " '[p]olice employee' means any employee who is assigned to police work as a peace officer pursuant to R.S. 40:1379." Further, La. R.S. 40:1379 outlines the duties and powers of state police employees. *Mr. Smith does not belong to the class of persons protected by La. R.S. 40:2531. He was not a state police employee, a "police employee," a "probation and parole officer", or a law enforcement officer employed by a municipality or state-supported college/university. See* La. R.S. 40:2531, 40:1372(5), and 40:1379. *HANO is "a public body, corporate and politic, previously established, or to be established, by a municipality or a parish ... exercising necessary and essential governmental functions for the purposes ... in matters of statewide concern, although its operations are local in nature."* La. R.S. 40:384(16). *See also* La. R.S. 40:383. *As such, he is not entitled to the protections outlined in the Police Officer's Bill of Rights.* [Emphasis added].

*Smith,* 17-0038, p. 9, --- So.3d at ---, 2017 WL 3426018, *5.

More recently, following *Smith*, we held that "a HANO police officer . . . does not have a right of action under the Police Officer's Bill of Rights because he

9

does not belong to the class of persons protected by La. Rev. Stat. 40:2531." *Scott v. Hous. Auth. of New Orleans*, 22-0728, p. 9 (La. App. 4 Cir. 4/18/23), --- So.3d ---, ---, 2023 WL 2984764, *5. Similarly, we find that as a HANO police officer, Thompson does not have a right of action under the Police Officer's Bill of Rights. This assignment of error is without merit.

**Civil Service Claims and La. R.S. 40:539(C)(8)(b)**

Thompson asserts that he has the right to bring civil service claims under La. Const. art. X, § 1, *et seq.*[4] In his petition, he pled that during the course of HANO's investigation, he was not afforded the opportunity to provide witnesses and examine HANO's witnesses, nor was he given other protections "guaranteed Civil Service employees by the State Department of Civil Service." He further pled that he believed "the position of a HANO police officer and his/her supervisors who enforce the police powers of Louisiana reserved to the States by the U.S. Constitution are classified civil service positions as defined in La. Const. art. X § 2 and La. R.S. 40:539[C](8)(a)." He averred that HANO's policy of excluding HANO officers from civil service protection combined with the application of La. R.S. 40:539(C)(8)(a) violate La. Const. art. X, § 2. Lastly, he pled that he was terminated without being afforded his right to appeal the disciplinary action guaranteed by La. Const. art. X, §§ 8, 10, and 12.

---

[4] La. Const. art. X, § 1 provides:

> State Civil Service. The state civil service is established and includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, and any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds used to pay for such employment. It shall not include members of the state police service as provided in Part IV of this Article or persons holding offices and positions of any municipal board of health or local governmental subdivision.

10

HANO employees are specifically excluded from the state civil service pursuant to La. R.S. 40:539(C)(8)(b), which provides:

> (b) Notwithstanding any provision of Subparagraph (a) of this Paragraph or of any other law to the contrary, the Housing Authority of New Orleans shall not be considered to be an instrumentality of the state for purposes of Article X, Section 1(A) of the Constitution of Louisiana, and employees of the authority shall not be included in the state civil service.

While we recognize that Thompson challenges the constitutionality of La. R.S. 40:539(C)(8)(b), he does not currently have a right to levy a state civil service claim.

Additionally, Thompson assigns as error the district court's sustaining of the Appellees' exception of no right of action and no cause of action as to his claim of the unconstitutionality of La. R.S. 40:539(C)(8)(b), and the dismissal of this claim. Thompson misinterprets the August 15, 2022 judgment, which only sustained the Appellees' exception of no cause of action regarding said claim and granted him leave to amend this claim within 15 days of the date of its judgment. The district court did not dismiss Thompson's unconstitutionality claim. Furthermore, for the reasons discussed later in this opinion, we lack jurisdiction to consider that portion of the judgment allowing Thompson to amend said claim.

Lastly, Thompson, in his second assignment of error, asserts that the district court erred in sustaining the Appellees' exception of no cause of action and no right of action, seeking contribution from HANO to the State Civil Service System. Nevertheless, the August 15, 2022 judgment includes no such ruling. Regarding Thompson's civil service claims, the judgment states that the Appellees' "exceptions of no cause of action and no right of action urged in response to Plaintiff's claims for alleged violations of rights, procedures and protections

afforded to classified civil service employees, La. Const. art. X, § 1, *et seq.*," are sustained and those claims are dismissed with prejudice. Moreover, because HANO is excluded from the State Civil Service under La. R.S. 40:539(C)(8)(b), it follows that HANO does not and did not have an obligation to contribute to the State Civil Service System at the time of Thompson's employ. This assignment of error is without merit.

Thompson does not have a right of action to raise classified civil service claims under La. Const. art. X, § 1, *et seq.* These assignments of error are without merit.

**Whistleblower Protection**

In his petition, Thompson alleged that the Appellees committed two violations of La. R.S. 42:1169 by: terminating him from his employment without affording him "his rights as a whistle blower and to appeal the disciplinary action" and failing to grant him "the minimum standards guaranteed" under La. R.S. 42:1169, thereby making his termination an absolute nullity. Additionally, he pled that he lodged a complaint with the Louisiana Ethics Commission.

Thompson avers that he can raise a whistleblower claim under La. R.S. 42:1169, *et seq.*, because the statute protects public employees from reprisals when they report information they reasonably believe indicates a violation of law or rule, or any acts of impropriety related to the scope of duties of public employment. He asserts that as a HANO police officer, he is a public employee who can file a claim for damages as a whistleblower because he is a wrongfully terminated state employee and is entitled to reinstatement and to receive any lost income and benefits for the period he was terminated, under La. R.S. 42:1169(B)(2)(a). Thompson misinterprets his rights under La. R.S. 42:1169.

12

La. R.S. 42:1169 is a statute that comprises a part of the Code of Governmental Ethics, La. R.S. 42:1101, *et seq.* The Code of Governmental Ethics establishes the Board of Ethics and further provides that it has the power to enforce the provisions contained in the Code of Ethics. Specifically, La. R.S. 42:1132, entitled *Board of Ethics*, provides in pertinent part:

> C. Jurisdiction. The Board of Ethics shall administer and enforce the provisions of this Chapter[5] and the rules, regulations, and orders issued hereunder with respect to public employees and elected officials, including final decisions of the Ethics Adjudicatory Board. [Footnotes omitted].

Furthermore, La. R.S. 42:1169 provides directives for reporting acts of reprisals to the Board of Ethics and also sets forth how the Board of Ethics will proceed with investigating such acts. Section (B)(1)(a) of La. R.S. 42:1169 states that any acts of reprisal taken against whistleblowers shall be reported to the Board of Ethics:

> If any public employee is suspended, demoted, dismissed, or threatened with such suspension, demotion, or dismissal as an act of reprisal for reporting an alleged act of impropriety in violation of this Section, the public employee shall report such action to the board.

Moreover, La. R.S. 42:1169(C) sets forth the investigation process for the Board of Ethics:

> The board shall provide written notice of the commencement of an investigation of a report of a violation of this Section to the agency head of the employee, or if the agency head is the defendant, then to an agency head of the governmental entity that supervises the agency, or if none, then to the governing authority of the governmental entity not less than ten days prior to the date set for the investigation. If the board determines, following an investigation, that it shall offer a consent opinion or conduct a public or private

_____

[5] The chapter referred to herein is Chapter 15, entitled *Code of Governmental Ethics*.

13

hearing to receive evidence and determine whether any violation of this Section has occurred, the board shall provide written notice of the hearing or consent opinion to the agency head of the employee, or if the agency head is the defendant, then to an agency head of the governmental entity that supervises the agency, or if none, then to the governing authority of the governmental entity not less than sixty days prior to the date set for the action by the board. The employee's agency shall cooperate in every possible manner in connection with any investigation conducted by the board. The agency shall be considered to be an indispensable party to any investigation, hearing, or consent opinion and may have legal counsel, cross-examine witnesses, call witnesses, and present evidence on its behalf.

In *Scott*, we stated:

Considering that it is within the Board of Ethics' purview to "administer and enforce" the Code of Ethics and that the purpose of reporting claims to the Board of Ethics is for the board itself to investigate the reported claims, [a public employee] does not have the right to directly bring an action for an alleged violation of La. Rev. Stat. 42:1169. [His] statutory remedy is to allow the Board of Ethics to complete its investigation of the complaint he lodged pursuant to the procedures set forth within the Code of Ethics.

22-0728, pp. 13-14, --- So.3d at ---, 2023 WL 2984764, *7.

Thompson does not have the right to bring an action in a court of law for an alleged violation of La. R.S. 42:1169. His statutory remedy is to allow the Board of Ethics to complete its investigation of the complaint he lodged pursuant to the procedures set forth within the Code of Ethics. The district court did not err in granting the Appellees' exception of no right of action and dismissing Thompson's whistleblower claim under La. R.S. 42:1169. This assignment of error is without merit.

Finally, for the reasons discussed above, we affirm the district court's judgment sustaining the Appellees' exception of no right of action and the

dismissal of the following claims of Thompson: 1) under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq.*; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La. Const. art. X, § 1, *et seq.*; and 3) violations of rights, guarantees, and protections afforded to state whistleblowers pursuant to La. R.S. 42:1169. Because we affirm the district court's dismissal of these claims, we pretermit discussion of Thompson's assignments of error pertaining to the sustaining of the Appellees' exception of no cause of action and the dismissal of these identical claims. Those assignments of error are rendered moot.

## EXCEPTION OF NO CAUSE OF ACTION

Below we address Thompson's assignments of error pertaining to the district court's rulings sustaining the Appellees' exception of no cause of action as to his claims for intentional acts and negligence as well as seeking to declare La. R.S. 40:539(C)(8)(b) unconstitutional.

**Intentional Acts and Negligence**

Thompson seeks review of the district court's ruling, sustaining the Appellees' exception of no cause of action and dismissing his tort claims for negligence and breach of duties. In his petition for damages, Thompson pled that the Appellees were liable for negligence and breach of duties as a result of various actions he asserts they failed to take as well as for wrongfully terminating him in retaliation for disclosing that Officer Baron had a pattern and practice of violating citizens' civil rights.[6] He asserted that HANO is liable under the theory of respondeat superior.

_____

[6] Thompson alleged that HANO: failed to document policies and procedures consistent with the State of Louisiana's laws and Constitution; failed to include Thompson and HANO police officers in a classified position under the jurisdiction of the State Civil Service System; failed to

15

The Appellees, in response, assert they are entitled to general tort immunity under La. R.S. 9:2798.1, entitled *Policymaking or discretionary acts or omissions of public entities or their officers or employees*, which provides in pertinent part:

> A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
>
> B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
>
> C. The provisions of Subsection B of this Section are not applicable:
>
> (1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
>
> (2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

---

grant Thompson all of the rights and privileges guaranteed to him under the laws and Constitution of the State of Louisiana; wrongfully terminated him without due process and granting him whistleblower status; failed to protect his rights as a whistleblower and a peace officer; failed to properly supervise Appellees Anderson and Fortner; failed to prevent a retaliatory firing; and any other acts of negligence and breach of duties established at trial.

He pled that Appellee Anderson: failed to guarantee him his rights provided under Louisiana law and its Constitution; failed to timely and properly investigate his complaints and grant him whistleblower status; failed to timely take corrective action to protect his rights under Louisiana law; failed to properly supervise HANO police officers; fired him in retaliation; and any other acts of negligence and breach of duties established at trial.

Lastly, he pled that Appellee Fortner: failed to guarantee him his rights provided under Louisiana law and its Constitution; wrongfully terminated him without due process and protection as a whistleblower; fired him in retaliation; failed to properly supervise Appellee Anderson; failed to document policies and procedure placing HANO police officers under the State Civil Service Commission's jurisdiction; failed to document policies and procedure guaranteeing Thompson and HANO police officers minimum due process standards and whistleblower protection procedures to be followed by HANO personnel when investigating HANO police officers; and any other acts of negligence and breach of duties established at trial.

The Appellees assert that Thompson failed to allege in his petition any acts by the Appellees that would fall into the exception from general tort immunity described in La. R.S. 9:2798.1(C)(2). In other words, they aver he failed to plead that the Appellees engaged in "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct" acts or omissions. We disagree in part.

A district court's ruling on an exception of no cause of action is reviewed by appellate courts using the *de novo* standard of review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition. *Herman v. Tracage Dev., L.L.C.*, 16-0082, p. 4 (La. App. 4 Cir. 9/21/16), 201 So.3d 935, 939. All well-pleaded allegations of fact are accepted as true. *Jackson v. City of New Orleans*, 12-2742, p. 24 (La. 1/28/14), 144 So.3d 876, 895. "[T]he issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought." *Montalvo v. Sondes*, 93-2813, p. 6 (La. 5/23/94), 637 So.2d 127, 131. "Liberal rules of pleading prevail in Louisiana, and when it can reasonably do so, a court should maintain a petition to allow a plaintiff to present his case." *S.K. Whitty & Co. v. Laurence L. Lambert & Assocs.*, 576 So.2d 599, 601 (La. App. 4th Cir. 1991).

Only well-pleaded allegations of fact are accepted as true. *Strategic Med. All. II v. State*, 22-0051, p. 6 (La. App. 1 Cir. 11/4/22), 355 So.3d 55, 59. "The adjective 'well-pleaded' refers to properly pleaded allegations conforming to the system of fact pleading embodied in the Louisiana Code of Civil Procedure. It does not include allegations deficient in material detail, conclusory factual allegations, or allegations of law." *Id*. Additionally, we have held that general immunity

under La. R.S. 9:2798.1 extends to HANO and its officers. *Smith*, 17-0038, p. 10, --- So.3d at ---, 2017 WL 3426018, *5; *see also Scott*, 22-0728, p. 17, --- So.3d at ---, 2023 WL 2984764, *9.[7]

We find that Thompson alleged in a conclusory manner his tort claims for negligence and breach of duties. Nevertheless, pursuant to our *de novo* review, we further find that his allegations of retaliatory firing against the Appellees indicate that their actions or omissions may constitute "malicious, intentional, [and] willful" misconduct, to which the Discretionary Acts Doctrine does not apply under La. R.S. 9:2798.1(C)(2). Therefore, we affirm the district court's ruling sustaining the Appellees' exception of no cause of action as to these claims. However, we reverse the district court's dismissal of these claims, finding that Thompson should be granted leave to file an amended petition to cure the grounds for the Appellees' exception, if possible, pursuant to La. C.C.P. art. 934.[8] Thus, we remand this matter in part, for the district court to allow Thompson leave to amend his tort claims for negligence and breach of duties.

**Amended Claims**

As stated above, the district court granted the Appellees' exception of no cause of action as to Thompson's claims of unconstitutionality under La. R.S. 40:539(C)(8)(b) and his whistleblower claim under La. R.S. 23:967, but allowed him to amend his petition as to these claims. Thompson assigns as error the district

---

[7] "[W]hen dealing with matters outside the realm of the civil service system, HANO is considered an instrumentality of the state." *Scott*, 22-0728, p. 17, n. 5, --- So.3d at ---, 2023 WL 2984764, *9 (quoting *Smith*, 17-0038, p. 6, --- So.3d at ---, 2017 WL 3426018, *3). Thus, HANO is considered a "public entity" as defined by La. R.S. 9:2798.1(A).

[8] When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934.

court's ruling pertaining to his La. R.S. 40:539(C)(8)(b) unconstitutionality claim. However, we lack jurisdiction to consider this issue.

"A judgment granting an exception of no cause of action, but providing leave to amend the petition is not a final judgment or an interlocutory judgment subject to appeal. Rather, such a judgment merely permits an amendment within the delay allowed by the trial court as provided by La. C.C.P. art. 934." *McGaha v. Franklin Homes, Inc.*, 21-0244, p. 45 (La. App. 4 Cir. 2/4/22), 335 So.3d 842, 869-70) (internal citations omitted). *See also Scott*, 22-0728, p. 18, --- So.3d at ---, 2023 WL 2984764, *10. Applying the holding of *McGaha* to the instant matter, we find the August 15, 2022 judgment is not final as it pertains to sustaining the Appellees' exception of no cause of action as to Thompson's unconstitutionality claim under La. R.S. 40:539(C)(8)(b) because he was granted leave to amend this claim. Therefore, we cannot address Thompson's assignment of error regarding his La. R.S. 40:539(C)(8)(b) unconstitutionality claim. Moreover, we dismiss Thompson's appeal in part because we lack jurisdiction to consider this remaining assignment of error.

**EXCEPTION OF NO CAUSE OF ACTION RAISED ON APPEAL**

On appeal, the Appellees re-urge their exception of no cause of action in response to Thompson's amended petition. They contend that the petition, as amended, still fails to state a cause of action concerning the alleged unconstitutionality of La. R.S. 40:539(C)(8)(b) and fails to allege sufficient facts to support a whistleblower claim under LSA-R.S. 23:967.

As explained above, the district court still has jurisdiction over that portion of the August 15, 2022 judgment, allowing Thompson to amend his petition. Consequently, we decline to consider the exception, finding it more appropriate to

allow the district court to review the amended petition and consider any exceptions the Appellees may raise thereto.[9]

**DECREE**

For the foregoing reasons, we affirm the August 15, 2022 judgment in part and uphold the district court's grant of the Appellees' exception of no right of action and dismissal of Thompson's claims: 1) under the Police Officer's Bill of Rights, La. R.S. 40:2531, *et seq.*; 2) for alleged violations of rights, procedures and protections afforded to classified civil service employees under La. Const. art. X, § 1, *et seq.*; and 3) for alleged violations of La. R.S. 42:1169 (the whistleblower statute contained in the Code of Governmental Ethics).

We further affirm in part the district court's ruling, sustaining the Appellees' exception of no cause of action as to Thompson's tort claims for negligence and breach of duties. However, we reverse the district court's dismissal of these claims and remand this matter in part for further proceedings, with instructions to the district court to allow Thompson leave to amend his tort claims for negligence and breach of duties pursuant to La. C.C.P. art. 934.

Moreover, we dismiss Thompson's appeal in part because we lack jurisdiction to consider that portion of the judgment sustaining the exception of no cause of action of the Appellees as to Thompson's unconstitutionality claim under La. R.S. 40:539(C)(8)(b), and allowing him leave to amend that claim.

Lastly, the Appellees' exception of no cause of action raised on appeal is denied.

---

[9] Review of the Appellees' exception is discretionary under La. C.C.P. art. 927(B) and La. C.C.P. art. 2163. Article 927(B) of the Louisiana Code of Civil Procedure permits an appellate court to notice an exception of no cause of action on its own motion. Moreover, La. C.C.P. art. 2163 further provides that the "appellate court *may* consider the peremptory exception filed for the first time in that court, if pled prior to a submission of the case for a decision, and if proof of the exception appears of record." [Emphasis added].

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART; APPEAL DISMISSED IN PART; EXCEPTION OF NO CAUSE OF ACTION RAISED ON APPEAL DENIED**